UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| MICHAEL C. BRIDGES, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| v. | )   No. 1:05cv0158 AS |
| | ) |
| CECIL DAVIS, and | ) |
| HANLON, | ) |
| | ) |
| Respondents | ) |

*MEMORANDUM OPINION AND ORDER*

On or about May 9, 2005, *pro se* petitioner, Michael C. Bridges, an inmate at the Correctional Industrial Complex in Pendleton, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on August 15, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a Traverse on November 7, 2005, which this Court has carefully examined.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition in the Fort Wayne division of this court, he was incarcerated in the CIC, which is within the territorial area of the United States District Court for the Southern District of Indiana. However, later papers indicate that this petitioner is confined in the Indiana State Prison in Michigan City, Indiana which is in this district. He was the subject of a prisoner disciplinary proceeding under the management of

a Conduct Adjustment Board (CAB), and the case number is ISP 04-10-0255. He was found guilty of a Class B offense, number 243, namely, filing a claim or action found to be frivolous, unreasonable or groundless, by a federal, state or administrative court. In October 2004, administrative assistant Northstine wrote a report of conduct charging this petitioner with filing a claim found to be frivolous by the United States Court of Appeals for the Seventh Circuit. The Attorney General of Indiana was notified of that decision on September 28, 2004 in Court of Appeals Number 03-4177, namely, *Michael Bridges v. Cecil Davis*. Later in October 2004, this petitioner was given a notice of disciplinary hearing and as indicated above, was found guilty. The sanction included a deprivation of 180 days earned time credit which implicates *Wolff v. McDonnell*, 418 U.S. 539 (1974). It is also stated in the papers that Mr. Bridges refused to sign the report of disciplinary hearing, but did pursue appropriate administrative remedies available under the law of Indiana.[1]

There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v.*

---

[1] This court has taken the trouble to dig into the Court of Appeals record in Appeal Number 03-4177 and can and does take judicial notice of the same. To be sure, there was an order entered September 24, 2004 and vacation order entered September 27, 2004. Thereafter, there was a fresh order entered September 28, 2004, and on that date, "the judgment of the district court is affirmed."

*McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996). It is not for this court at this level of the federal judiciary to gainsay the decisions of the Court of Appeals. *See United States v. Duncan*, Nos. 04-1916, 05-3655, and 05-3727 (7th Cir. October 21, 2005). Neither is this petitioner able to gainsay the decision of the Court of Appeals finding that his action was frivolous. He is stuck with that, as much as this court. Indeed, it can be argued that the decision of the Court of Appeals is a part of the law of this case. The record here fully supports the decision of the CAB and the sanction. The petitioner has presented no basis here for relief under 28 U.S.C. §2254. Such relief is now **DENIED. IT IS SO ORDERED**.

      **DATED:**  November 16, 2005

                                            S/ ALLEN SHARP
                                  **ALLEN SHARP, JUDGE**
                                  **UNITED STATES DISTRICT COURT**